# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL SULLIVAN, ET AL.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15461** |
| **TRAVELERS INDEMNITY COMPANY<br>OF CONNECTICUT, ET AL.**<br>    **Defendants** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs.[1] Defendants oppose this motion.[2] For the reasons that follow, Plaintiffs' motion to remand[3] is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

On September 12, 2016, Plaintiff Shantel Sullivan, individually and on behalf of her minor child, Kyle Sullivan, and on behalf of the Decedent, Jeremy Sullivan, commenced this action by filing a petition in the 24th Judicial District Court for the Parish of Jefferson.[4] In their petition, Plaintiffs assert causes of action for wrongful death and survival and vicarious liability against Defendants, Travelers Indemnity Company of Connecticut, Travelers Indemnity Company of America (collectively "the Travelers Defendants") and Michelle Broome.[5] According to the petition, the claim relates to an injury sustained by the Decedent on or about June 15, 2014, in the course and scope of his employment as a manager at Le' Creole Restaurant.[6] The petition alleges that Defendants arbitrarily denied workers' compensation benefits, particularly medical treatment, to the Decedent, Jeremy Sullivan, with the knowledge a significant and life-

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 7.
[4] R. Doc. 1-1.
[5] *Id.* at 12-13.
[6] *Id.* at 3.

threatening worsening of a condition was certain to follow the denial.[7] The petition alleges Ms. Broome, the adjuster assigned to handle Mr. Sullivan's workers' compensation claim, was notified in writing by Mr. Sullivan's treating physicians that Mr. Sullivan had developed a pain medication dependency while being treated for the injury sustained in the course and scope of his employment.[8] The petition alleges that, despite knowledge of Mr. Sullivan's pain medication dependency, Ms. Broome and the Travelers Defendants arbitrarily denied Mr. Sullivan's request for continued medical care, treatment, and benefits.[9]

On October 12, 2016, the Travelers Defendants removed this to action to federal court.[10] In the notice of removal, the Travelers Defendants assert Plaintiffs improperly joined Michelle Broome as a defendant, even though Plaintiffs have no arguable claim for recovery against her under Louisiana law, to defeat diversity jurisdiction and keep this matter in state court.[11] According to the Travelers Defendants, "Because Broome was the workers' compensation claims adjustment professional assigned to Mr. Sullivan's compensation claim, Louisiana law . . . precludes a claim against her under the circumstances as alleged in Plaintiff's Petition."[12]

On October 21, 2016, Plaintiffs filed a motion to remand this action to state court, arguing that the Court lacks subject-matter jurisdiction because they have a viable claim against Defendant Michelle Broome.[13] On November 7, 2016, the Travelers Defendants filed an opposition to the Plaintiffs' motion to remand.[14]

---

[7] *Id.* at 12.
[8] *Id.* at 5.
[9] *Id.* at 11.
[10] R. Doc. 1.
[11] *Id.* at 5.
[12] *Id.* at 6.
[13] R. Doc. 7-1, at 6-8.
[14] R. Doc. 8.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[15] Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction of all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.[16] If these requirements are met, a defendant generally may remove the action originally filed in state court to federal court.[17] If a non-diverse defendant has been improperly joined, a defendant may nonetheless remove the action, and that defendant's citizenship is disregarded for purposes of determining whether the federal court has diversity jurisdiction.

The presence of Michelle Broome as a defendant in this case, if proper, defeats complete diversity of citizenship and requires remand to state court. In this case, the Travelers Defendants, as the removing parties, bear the burden of showing subject-matter jurisdiction exists and that removal was proper.[18] In cases removed based on diversity jurisdiction and improper joinder,[19] the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[20] The Travelers Defendants

---

[15] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[16] 28 U.S.C. § 1332(a).
[17] *See* 28 U.S.C. § 1441(a). An exception exists if any of the parties in interest properly joined and served as defendants is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(b)(2). In this case, Michelle Broome is alleged to be a citizen of Louisiana, which would preclude removal. *See id.*
[18] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[19] The Fifth Circuit has stated that there is no substantive difference between the term "improper joinder" and "fraudulent joinder," but "improper joinder" is preferred. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).
[20] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

do not dispute that both the Plaintiffs and Michelle Broome are Louisiana citizens, so jurisdiction is based on there being no cause of action against Broome.[21]

"The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[22] "In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[23] "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[24]

"With regard to insurance adjusters, Louisiana courts have consistently held that, as a general rule, an insurance adjuster owes no duty to an insured to properly investigate or handle claims, or advise an insured of coverage issues."[25] "The duty to properly handle claims is imposed by [Louisiana Revised Statutes sections 22:1973 and 22:1892], not by Louisiana Civil Code article 2315."[26] "Neither of these statutes provide[s] a remedy against an insurance adjuster."[27] The *Motin* court further explained, "These statutes, penal in nature, must be strictly construed [and] [n]othing in the statutes suggests the

---

[21] R. Doc. 1, at 4.
[22] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d a 573).
[23] *Rodrigue*, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[24] *Smallwood*, 385 F.3d at 573.
[25] *St. Marie v. State Farm Fire & Cas. Co.*, No. CIV.A., 06-8725, 2007 WL 1017588, at *3 (E.D. La. Mar. 28, 2007) (citing *Pellerin v. Cash Pharmacy*, 396 So. 2d 371 (La. Ct. App. 1981); *Rosina,* 2006 WL 3141247, at *1; *Rich v. Bud's Boat Rentals*, No. CIV.A. 96-3279, 1997 WL 785668 (E.D. La. Dec. 18, 1997)).
[26] *See Motin v. Travelers Ins. Co.*, No. CIV.A. 03-2487, 2003 WL 22533673, at *4 (E.D. La. Nov. 4, 2003) (describing La. R.S. 22:1973 and 22:1892, formerly cited to as, respectively, La. R.S. 22:1220 and 22:658).
[27] *Id.* (citing *Nero v. La. Indep. Ins. Agencies, Inc.*, No. CIV.A. 02-3317, 2003 WL 203145, at *2 (E.D. La. Jan. 29, 2003); *Yates v. Sw. Life Ins. Co.*, No. CIV.A. 97-3204, 1998 WL 61033, at *4 (E.D. La. Feb. 12, 1998)).

Louisiana Legislature's intent to impose upon insurance adjusters the duties the statutes explicitly impose upon the insurer."[28]

There is, however, a narrow exception to the rule whereby an insurance adjuster who assumes an independent tort duty to the insured or commits fraud may be liable for breach of his or her duty.[29] "An insurance adjuster may be held liable under Louisiana law, however, 'where [the adjuster] has engaged in fraud toward the claimant or where [the adjuster] has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information.'"[30]

Having conducted a Rule 12(b)(6)-type analysis, looking to the allegations of the Plaintiffs' state-court petition, the Court finds the Plaintiffs have not stated a claim for relief under Louisiana law against the non-diverse Defendant, Michelle Broome. The Plaintiffs do not allege Ms. Broome has assumed a duty under *Pellerin* and its progeny or that she engaged in any fraud or misrepresentations.[31] At most, Plaintiffs allege Ms. Broome improperly investigated/adjusted the insurance claim, resulting in the ultimate denial of Mr. Sullivan's request for continued medical care, treatment and benefits. Plaintiffs' disagreement with Ms. Broome's method of adjusting claims and ultimate claims decision cannot form the basis of a claim against her under Louisiana law.[32] As a

---

[28] *Id.* (citing *Yates*, 1998 WL 61033, at *4; *Matter of Hanover Corp.*, 67 F.3d 70 (5th Cir. 1995)).
[29] *See St. Marie*, 2007 WL 1017588, at *3 (citing *Pellerin*, 396 So. 2d at 373).
[30] *Hoffman v. Ellender*, No. CIV.A. 15-309-JWD, 2015 WL 4873342, at *5 (M.D. La. July 23, 2015) (citing *Southern Hotels Ltd. P'ship v. Lloyd's Underwriters at London Cos.*, No. 95-2739, 1996 WL 48001, at *1 (E.D. La. Aug. 7, 1996); *Pellerin*, 396 So. 2d at 373).
[31] Instead, the Plaintiffs maintain their cause of action against Broome is under Louisiana Civil Code art. 2315. R. Doc. 12, 3. A claim against an insurance adjuster may not be brought under Louisiana Civil Code art 2315. *See Motin*, 2003 WL 22533673, at *4. The Plaintiffs also rely on *Weber v. State*, 635 So. 2d 188 (La. 1994), and its progeny, but the cases cited by Plaintiffs do not apply to claims against an insurance adjuster.
[32] *Hoffman*, 2015 WL 4873342, at *6.

result, the Court finds Broome was improperly joined and therefore the Plaintiffs' motion to remand[33] must be denied.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion to remand[34] this case to state court is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Michelle Broome is **DISMISSED** from this action as a defendant.[35]

**New Orleans, Louisiana, this 30th day of November, 2016.**

                *Susie Morgan*
                **SUSIE MORGAN**
       **UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 7.
[34] R. Doc. 7.
[35] *See Robinson v. Wal-Mart Stores, Inc.*, No. CV 15-6871, 2016 WL 1572078, at *4 n.35 (E.D. La. Apr. 19, 2016) ("A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined." (quoting *Butler v. La. State Univ. Health Sciences Ctr.*, No. 12-CV-1838, 2012 WL 7784402, at *4 (W.D. La. Nov. 19, 2012))).