UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHANTEL SULLIVAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15461** |
| **TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, ET AL.** | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is Defendant The Travelers Indemnity Company of Connecticut's ("Travelers") Re-Urged Rule 12(b)(6) Motion to Dismiss.[1] Plaintiffs oppose Travelers' motion.[2] For the following reasons, Defendant's motion is **DENIED**.

## BACKGROUND

On September 12, 2016, Shantel Sullivan, individually and on behalf of her minor child, Kyle Sullivan, and on behalf of the Decedent, Jeremy Sullivan, filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] On October 12, 2016, Defendants filed their notice of removal.[4] On December 8, 2016, Plaintiffs filed their amended complaint.[5] On December 19, 2016, Travelers filed its Re-urged 12(b)(6) Motion to Dismiss.[6] Travelers argues that Plaintiffs have failed to allege facts sufficient to invoke the "narrow exception" set forth in *Weber v. State*, 635 So. 2d 188 (La. 1994).[7] On December 31, 2016, Plaintiffs filed their opposition to Traveler's motion arguing they have alleged sufficient facts to state a cause of action as set forth in *Weber* and its progeny which permit a tort action against an injured worker's employer

---

[1] R. Doc. 24. Defendant's motion incorporates the arguments made in its original Rule 12(b)(6) motion to dismiss, R. Doc. 5, which was dismissed without prejudice as moot following the Plaintiffs' filing of their amended complaint. *See* R.Doc. 21.
[2] R. Doc. 26.
[3] R. Doc. 1-1.
[4] R. Doc. 1.
[5] R. Doc. 20.
[6] R. Doc. 24.
[7] R. Doc. 24-1, at 1.

1

and workers' compensation insurance carrier when an employer has knowledge that, to a substantial certainty, the denial of benefits will result in a significant and life-threatening worsening of the injured employee's compensable condition.[8]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[9] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[12] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[13]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[14] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

---

[8] R. Doc. 26.
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[11] *Id.*
[12] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[13] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[14] *Twombly*, 550 U.S. at 555.

show[n]'—that the pleader is entitled to relief."[15] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[16] However, "a motion to dismiss for failure to state a claim is 'viewed with disfavor and is rarely granted.'"[17]

## ANALYSIS

Insurance carriers, like insured employers, ordinarily enjoy tort immunity under Louisiana's workers' compensation scheme.[18] In *Weber*, the Louisiana Supreme Court created an exception to the Worker's Compensation Act's exclusive remedy provisions in cases where an employer intentionally and arbitrarily refuses to provide medical treatment for a compensable injury with the knowledge that, to a substantial certainty, the refusal will result in the injured worker's death.[19] Although *Weber* refers to the "employer", Travelers concedes "some courts construing the *Weber* exception have applied it in employees' actions against their employer's insurance carrier."[20]

As Plaintiffs correctly identify, a claim arising under the *Weber* exception exists when a plaintiff alleges: (1) that he suffered a compensable injury; (2) that his employer arbitrarily and intentionally refuses to pay reasonable medical expenses; (3) that the refusal results in a significant, immediate, and irreversible deterioration of the employee's health; (4) this result would not have occurred otherwise, and; (5) the employer knew that such results were substantially certain to follow from the refusal to pay.[21] Accepting the

---

[15] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[16] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[17] *R&B Falcon Drilling USA, Inc. v. Pittman*, No. CIV.A. 02-1942, 2002 WL 31886792, at *1 (E.D. La. Dec. 18, 2002) (*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1985)).
[18] *See* La. R.S. 23:1032; *Bolton v. Tulane Univ. of Louisiana*, 96-1246 (La. App. 4 Cir. 1/29/97), 692 So. 2d 1113, 1125, *as clarified on reh'g* (Apr. 9, 1997), *writ denied*, 97-1229 (La. 9/26/97), 701 So. 2d 982.
[19] *Weber*, 635 So. 2d at 193-94.
[20] R. Doc. 5-1, at 4 (citing *Kelly v. CAN Ins. Co.*, 98-0454 (La. 3/12/99), 729 So. 2d 1033, 1034).
[21] R. Doc. 26, at 3 (citing *Stevens v. Wal-Mart Stores, Inc.*, 29,124 (La. App. 2 Cir. 1/24/97), 688 So. 2d 668, 672, *writ denied*, 97-0671 (La. 5/9/97), 693 So. 2d 768).

facts alleged in Plaintiffs' Amended Complaint as true, the Court finds that Plaintiffs have alleged a viable claim against Travelers under the *Weber* exception and its progeny.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that the Defendant's Re-Urged 12(b)(6) Motion to Dismiss[22] is **DENIED.**

New Orleans, Louisiana, this 13th day of February, 2017.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 24.